UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DR. GANIYU AYINLA JAIYEOLA**, <br><br> Plaintiff, <br><br> v. <br><br> **THE HONORABLE JANET T. NEFF and THE HONORABLE SALLY J. BERENS**, <br><br> Defendants. | Case No. 24-cv-02550 (CRC) |

### MEMORANDUM OPINION

Dr. Ganiyu Ayinla Jaiyeola ("Jaiyeola"), proceeding *pro se*, filed this action against a district judge and a magistrate judge of the U.S. District Court for the Western District of Michigan. Jaiyeola alleges that the judges' actions in a prior lawsuit that he brought in that district violated the Due Process Clause. See Compl. ¶¶ 20–22. For the reasons explained below, the Court will dismiss this action *sua sponte*.

### I.  Background

This case arises from an earlier lawsuit between Jaiyeola and Robert A. Brundage in the Western District of Michigan, Jaiyeola v. Brundage ("Brundage"), No. 1:21-cv-01053 (W.D. Mich.). Jaiyeola alleged that Brundage engaged in the unauthorized practice of law when Brundage represented Toyota in Jaiyeola's prior lawsuit against that company. See Jaiyeola v. Brundage, No. 1:21-CV-1053, 2022 WL 368650, at *1 (W.D. Mich. Feb. 8, 2022). United States District Judge Janet T. Neff referred the matter to United States Magistrate Judge Sally J. Berens, who issued a Report and Recommendation ("R&R") recommending that the case be dismissed for lack of subject-matter jurisdiction. Id. Judge Neff adopted the R&R over Jaiyeola's objection. Id.

1

Jaiyeola then sued Judges Berens and Neff. He alleges that Magistrate Judge Berens "denied [him] due process . . . by converting . . . [a witness] into a Defendant and thereby destroying . . . diversity jurisdiction" and by issuing the R&R. Compl. ¶¶ 26–27. He further claims that District Judge Neff "denied [him] due process" by adopting the R&R. Id. ¶ 29. As redress for these claimed injuries, Jaiyeola seeks compensatory and punitive damages as well as equitable relief. Compl. ¶¶ 23, 31, 38.

## II. Legal Standards

### A. Subject Matter Jurisdiction

When evaluating a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff[s] the benefit of all inferences that can be derived from the facts alleged.'" Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)). The plaintiff bears "the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction[.]" Biton v. Palestinian Interim Self-Gov't Auth., 310 F. Supp. 2d 172, 176 (D.D.C. 2004).

### B. Failure to State a Claim

"The Court may *sua sponte* dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) without notice where it is patently obvious that the plaintiff cannot possibly prevail based on the facts alleged in the complaint." Klayman v. Rao, No. 21-cv-02473 (CRC), 2021 WL 4948025, at *2 (D.D.C. Oct. 25, 2021) (Cooper, J.) (cleaned up), aff'd, 49 F.4th 550 (D.C. Cir. 2022); Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 127 (D.C. Cir. 2012).

To state a claim upon which relief may be granted, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although "a *pro* se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," it still "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." Abdelfattah v. U.S. Dep't of Homeland Sec., 787 F.3d 524, 533 (D.C. Cir. 2015) (cleaned up). "Likewise, although a *pro se* complaint "must be construed liberally, the complaint must still 'present a claim on which the Court can grant relief.'" Smith v. Scalia, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (quoting Budik v. Dartmouth-Hitchcock Med. Ctr., 937 F. Supp. 2d 5, 11 (D.D.C. 2013)).

**III. Analysis**

Dismissal is warranted because Jaiyeola fails to state a claim for damages and the Court lacks jurisdiction to grant the equitable relief he seeks.

First, the Court lacks jurisdiction over Jaiyeola's equitable claims. Jaiyeola asks that the Court "declare[] void and vacate[]" the Defendants' orders in his lawsuit against Brundage. Id. ¶ 39. But this Court "is a trial level court in the federal judicial system" that "generally lacks appellate jurisdiction over other judicial bodies[.]" United States v. Choi, 818 F. Supp. 2d 79, 85 (D.D.C. 2011); see 28 U.S.C. § 1291. To obtain the equitable relief he seeks, Jaiyeola's only path is an appeal to the United States Court of Appeals for the Sixth Circuit, and following that, a petition for writ of certiorari to the Supreme Court. This Court is not on that path and therefore must dismiss Jaiyeola's equitable claims. See Moore v. U.S. Dist. Ct. for Dist. of Ariz., No. 10-cv-434, 2010 WL 1005757, at *1 (D.D.C. Mar. 16, 2010) ("The powers conferred on the federal district courts do not include the power to review the decisions of other district courts or to force other district courts to act."); Swiatkowski v. Bank of Am., Corp., 81 F. Supp. 3d 56, 58 (D.D.C.

2015) ("This Court is not a reviewing court and it lacks jurisdiction to compel another court to act.").

Second, Jaiyeola's damages claims are barred by judicial immunity. Jaiyeola seeks "compensatory and punitive damages" against the Defendants. Compl. ¶ 31. But "[j]udges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Judicial immunity "extends even to actions that are allegedly malicious or corrupt." Sibley v. Roberts, 224 F. Supp. 3d 29, 37 (D.D.C. 2016); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) ("Judicial immunity is not overcome by allegations of bad faith or malice.").

Here, all the challenged acts were taken by the defendants in their judicial capacities. For example, Jaiyeola claims that Magistrate Judge Berens denied him due process by issuing an R&R before Brundage was served. Compl. ¶ 20. He alleges that Magistrate Judge Berens denied him due process "by converting a witness . . . into a [d]efendant and thereby destroying the diversity jurisdiction in the lawsuit." Id. ¶ 21. And he contends that District Judge Neff denied him due process by accepting the R&R and issuing a judgment "before the [c]ourt had jurisdiction over Brundage." Id. ¶¶ 28–29. Defendants undertook all these actions while presiding over Jaiyeola's lawsuit against Brundage. Therefore, they were acting in their judicial capacities and are absolutely immune to Jaiyeola's damages claims.[1]

---

[1] Jaiyeola's damages claim also fails because it arises under 42 U.S.C. § 1983. See Compl. ¶¶ 25–32. That statute "does not apply to federal officials acting under color of federal law" like the Defendants. Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1104 (D.C. Cir. 2005).

4

### IV. Conclusion

For these reasons, the Court dismisses this case. A separate Order will follow.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:   October 16, 2024